LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
*brandon@bblocklaw.com*
433 North Camden Drive, Suite 600
Beverly Hills, California 90210
Telephone: 310.887.1440
Facsimile: 310.496.1420

Attorneys for Plaintiffs
MARLENE VASQUEZ and OSCAR ROSALES

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE VASQUEZ, an individual; and OSCAR ROSALES, an individual,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>DOWNTOWN L.A. MOTORS, NISSAN, LP dba NISSAN OF DOWNTOWN L.A., a California limited partnership; STATEWIDE RECOVERY SERVICES, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:16-cv-1194<br><br>**COMPLAINT FOR:**<br>1. **VIOLATIONS OF CALIFORNIA'S REES-LEVERING AUTOMOBILE SALES FINANCE ACT;**<br>2. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;**<br>3. **VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br>4. **CONVERSION;**<br>5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND**<br>6. **BREACH OF CONTRACT**<br><br>JURY TRIAL DEMANDED |

　　　　Plaintiffs Marlene Vasquez and Oscar Rosales (together, "**Plaintiffs**") allege

against defendants Downtown L.A. Motors Nissan, LP dba Nissan of Downtown

L.A. ("**Nissan of DTLA**"), Statewide Recovery Services, Inc. ("**Statewide**"), and

Does 1 through 10 (collectively, with Nissan of DTLA and Statewide,

"**Defendants**") as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in the Central District in that, among other things, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

3.      Plaintiff Marlene Vasquez is a natural person residing in Los Angeles County, California.

4.      Plaintiff Oscar Rosales is a natural person residing in Los Angeles County, California.

5.      Defendant Nissan of DTLA is a California corporation with its principal place of business in Los Angeles, California. At all times relevant, Nissan of DTLA has been engaged in the business of selling motor vehicles under conditional sale contracts.

6.      Defendant Statewide is a California corporation with its principal place of business in El Monte, California. At all times relevant, Statewide, for consideration, has been engaged in business and has accepted employment to locate or recover collateral, whether voluntarily or involuntarily, including, but not limited to, collateral registered under the provisions of the California Vehicle Code which is subject to a security agreement.

7.      Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiffs, and who therefore are sued by such fictitious names. Each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiffs. Plaintiffs will seek

COMPLAINT

leave of court to amend this Complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

8.     At all times mentioned herein, Defendants were the agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to Plaintiffs.

## **OPERATIVE FACTS**

9.     Plaintiffs are a couple of modest means who saved their hard earned money to purchase a new vehicle for their family. On January 7, 2016, Plaintiffs visited several dealerships in downtown Los Angeles with hopes of buying their new car. Plaintiffs brought $4,000 in cash savings, earned by Mr. Rosales's work during the night time delivering food.

10.     Plaintiffs arrived at Defendant Nissan of DTLA around 4:00 p.m. After looking around and speaking with Nissan of DTLA's employee and/or agent named Joel, Plaintiffs decided to purchase a used 2015 Toyota Camry ("**Vehicle**"). Plaintiffs informed Joel that they had $4,000 in cash to put towards a downpayment for the purchase of the Vehicle. Plaintiffs told Joel that they wanted Marlene to buy the Vehicle so she could improve her credit score, which Plaintiffs hoped could help them in their efforts to purchase a home.

11.     After approximately two hours, Plaintiffs and Joel agreed on a purchase price. Joel then suddenly informed Plaintiffs that they had to make a $6,000 downpayment in order to buy the Vehicle. Plaintiffs were surprised, but Joel insisted that it was a very good deal, and Plaintiffs should not pass on it. Plaintiffs ultimately decided to dig further into their savings and make the $6,000 downpayment, by adding $2,000 from their joint bank account.

12.     At approximately 7:30 p.m. that evening, Ms. Vasquez signed a Retail Installment Sale Contract with Nissan of DTLA ("**Contract**"), to purchase the Vehicle. A copy of the Contract is attached hereto as **Exhibit 1**. Plaintiffs gave Joel the $4,000 in cash towards the downpayment, and they paid the additional $2,000 by

debit card. Plaintiffs asked Joel for receipts for the payments. Joel told them not to worry because he had the money and the Contract stated Plaintiffs had made a $6,000 downpayment. See Ex. 1, § 6(F). Plaintiffs then took possession of the Vehicle.

13.    Mr. Rosales is a third-party beneficiary under the Contract, in that Ms. Vasquez and Nissan of DTLA intended for Mr. Rosales to benefit from the Contract. All of the parties knew that Mr. Rosales would be using the Vehicle, along with Ms. Vasquez.

14.    What should have been a joyous reward for Plaintiffs' hard work suddenly turned into a nightmare for them. On or about January 10, 2016, Nissan of DTLA began calling Plaintiffs incessantly and demanding that they pay Nissan of DTLA $4,000 or surrender the Vehicle. Plaintiffs consistently told Nissan of DTLA that they had made the entire downpayment, and that they did not owe it any money, just as stated in the Contract. Nissan of DTLA nevertheless kept calling and harassing Plaintiffs for the alleged, but nonexistent, debt. Some of the calls were late at night. Appallingly, one night, Joel showed up at Plaintiffs' house and confronted them in person, demanding that they pay another $4,000 or surrender the Vehicle.

15.    Plaintiffs continually demanded that Joel and Nissan of DTLA stop harassing them. But Nissan of DTLA did not leave Plaintiffs alone, and instead intensified its harassment of Plaintiffs by hiring Defendant Statewide to complete a nonjudicial (i.e., without a court order) repossession of Plaintiffs' Vehicle.

16.    On January 13, 2016, at around 9:00 p.m., a Statewide agent who identified himself as Vicente went to Plaintiffs' house and demanded they surrender the Vehicle. Plaintiffs told Vicente that Defendants were not allowed to take the Vehicle because Plaintiffs did not owe any money to Nissan of DTLA. Vicente left, but on January 21, 2016, another repossession agent from Statewide went to Plaintiffs' house and completed the nonjudicial repossession of their Vehicle, in breach of the peace. The repossession was in breach of the peace because Plaintiffs

previously had stated an objection to the repossession of their Vehicle, and the objection terminated the right to repossess the Vehicle without a court order.

17.   To date, Defendants have not returned the Vehicle to Plaintiffs, or any part of the $6,000 they put down towards the purchase of the Vehicle.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE REES-LEVERING AUTOMOBILE SALE FINANCE ACT, Cal. Civ. Code §§ 2981, *et seq.* ("RLA")**

(By Plaintiff Marlene Vasquez Against Nissan of DTLA and

Doe Defendants 1 Through 5, Inclusive)

18.   Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

19.   The RLA governs conditional sale contracts for motor vehicles. The Contract entered into by Ms. Vasquez is a conditional sale contract subject to and governed by the provisions of the RLA. Each Defendant is or was a "seller" or "holder" of the Contract, as those terms are used in the statute.

20.   Defendants violated the RLA, at Civil Code § 2983.3(a), by repossessing the Vehicle in the absence of default in the performance of any of Ms. Vasquez's obligations under the Contract.

21.   As a direct and proximate result of Defendants' violations of the RLA, Ms. Vasquez has suffered actual damages in an amount to be proven at trial.

22.   Ms. Vasquez is entitled to an award of her reasonable attorney's fees and costs in the filing and prosecution of this action pursuant to California Civil Code § 2983.4.

WHEREFORE, Ms. Vasquez prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**

**15 U.S.C. §§ 1692, *et seq.* ("FDCPA")**

(By Plaintiffs Against Statewide and Doe Defendants 6 Through 10, Inclusive)

23.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

24.     Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive debt collectors contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress thus enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

25.     Plaintiffs are "consumers" within the meaning of 15 U.S.C. § 1692a(3) in that they are natural persons obligated or allegedly obligated to pay a "debt".

26.     Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

27.     The purported debt which Defendants attempted to collect from Plaintiffs is a "debt" within the meaning of 15 U.S.C. § 1692a(5). Defendants sought to enforce a security interest related to Ms. Vasquez's obligation or alleged obligation to pay money to Nissan of DTLA, arising out of a transaction in which the property which was the subject of the transaction (the Vehicle) was primarily for personal, family or household purposes.

28.     15 U.S.C. § 1692f(6)(A) provides as follows:

A debt collector may not use unfair or unconscionable

means to collect or attempt to collect any debt. Without

limiting the general application of the foregoing, the

following conduct is a violation of this section:

(6) Taking or threatening to take ***any nonjudicial***

***action*** to effect dispossession or disablement of property

if—

(A) there is ***no present right*** to possession of

the property claimed as collateral through an enforceable

security interest[.] (Bold and italics added.)

29.     California Commercial Code § 9609 provides that a nonjudicial

repossession cannot be completed in breach of the peace. Thus, there is "no present

right" to possession of property claimed as collateral through an enforceable security

interest if there is a breach of the peace.

30.     As alleged herein, Defendants repossessed Plaintiffs' Vehicle in breach

of the peace because Plaintiffs previously had stated an objection to the repossession

of the Vehicle, which terminated Defendants right to repossess the Vehicle without a

court order. By completing the nonjudicial repossession in breach of the peace,

Defendants violated § 1692f(6)(A) by taking "any nonjudicial action" to effect

dispossession or disablement of property claimed as collateral through an

enforceable security interest (Plaintiffs' Vehicle) when there was "no present right"

to possession of the property.

31.     As a proximate result of Defendants' violations of the FDCPA,

Plaintiffs have been damaged in amounts which are subject to proof.

32.     Plaintiffs are entitled to recover their actual damages pursuant to 15

U.S.C. § 1692k(a)(1).

33.     Plaintiffs are entitled to recover statutory damages pursuant to 15

COMPLAINT

U.S.C. § 1692k(a)(2)(A).

34.     Plaintiffs are entitled to an award of their reasonable attorney's fees and costs in the filing and prosecution of this action pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiffs pray for relief as set forth below.

## THIRD CLAIM FOR RELIEF

### VIOLATIONS OF CALIFORNIA'S ROSENTHAL

### FAIR DEBT COLLECTION PRACTICES ACT,

### Cal. Civ. Code §§ 1788, *et seq.* ("Rosenthal FDCPA")

(By Plaintiffs Against Statewide and Doe Defendants 6 Through 10, Inclusive)

35.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

36.     The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). The Legislature thus enacted the Rosenthal FDCPA to ensure the integrity of California's banking and credit industry. Id., § 1788.1(b).

37.     Plaintiffs are "debtors" within the meaning of California Civil Code § 1788.2(h) in that they are natural person from whom Defendants sought to collect a "consumer debt" within the meaning of Civil Code § 1788.2(f) – *i.e.*, money, property or their equivalent which was alleged to be due and owing to Nissan of DTLA, by reason of a consumer credit transaction entered into with Ms. Vasquez.

38.     At all times relevant, Defendants were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another natural person.

39.     Civil Code § 1788.17 provides that debt collectors subject to the

8

COMPLAINT

Rosenthal FDCPA collecting or attempting to collect a consumer debt must comply with the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, of the FDCPA. Section 1788.17 further provides that debt collectors subject to the Rosenthal FDCPA are subject to the remedies in § 1692k of the FDCPA.

40.     By violating the provisions of 15 U.S.C. § 1692f(6)(A), Defendants violated the Rosenthal FDCPA, at Civil Code § 1788.17**.**

41.     As a proximate result of Defendants' violations of the Rosenthal FDCPA, Plaintiffs have been damaged in amounts that are subject to proof.

42.     Plaintiffs are entitled to recover their actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

43.     Defendants' violations of the Rosenthal FDCPA were willful and knowing. Plaintiffs are entitled to recover the maximum amount of statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

44.     Plaintiffs are entitled to an award of their attorney's fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FOURTH CLAIM FOR RELIEF

### VIOLATIONS OF THE ROSENTHAL FDCPA

(By Plaintiffs Against Nissan of DTLA and Doe Defendants 1 Through 5, Inclusive)

45.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

46.     At all times relevant, Defendants were "debt collectors" within the meaning of California Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and

practices in connection with the collection of money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another natural person.

47.     Defendants violated Civil Code § 1788.11 by communicating with Plaintiffs with such frequency as to be unreasonable and to constitute an harassment to Plaintiffs under the circumstances.

48.     Defendants made false representations to Plaintiffs that they owed a debt, and the amount and legal status of the alleged debt. Defendants' conduct violated 15 U.S.C. § 1692e, including §§ 1692e(2) and 1692e(10), incorporated into the Rosenthal FDCPA by Civil Code § 1788.17.

49.     Defendants represented that Plaintiffs' nonpayment of an alleged debt would result in seizure of their Vehicle, when such action was not lawful because Ms. Vasquez was not in default under the Contract. Defendants' conduct violated 15 U.S.C. § 1692e, including § 1692e(4), incorporated into the Rosenthal FDCPA by Civil Code § 1788.17.

50.     Defendants threatened to take actions that could not legally be taken, including by unlawfully repossessing Plaintiffs' Vehicle without a default under the Contract and in breach of the peace, as alleged herein. Defendants' conduct violated 15 U.S.C. § 1692e, including § 1692e(5), incorporated into the Rosenthal FDCPA by Civil Code § 1788.17.

51.     Defendants violated 15 U.S.C. § 1692f(6)(A) and Civil Code § 1788.17 by taking any nonjudicial action (including by hiring Statewide) to repossess Plaintiffs' Vehicle when Defendants did not have a present right to possession of the Vehicle. Defendants did not have a present right to possession of the Vehicle because Ms. Vasquez was not in default under the Contract, and Plaintiffs previously stated an objection to the repossession of the Vehicle.

52.     As a proximate result of Defendants' violations of the Rosenthal FDCPA, Plaintiffs have been damaged in amounts that are subject to proof.

53.     Plaintiffs are entitled to recover their actual damages pursuant to California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

54.     Defendants' violations of the Rosenthal FDCPA were willful and knowing. Plaintiffs are entitled to recover the maximum amount of statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

55.     Plaintiffs are entitled to an award of their attorney's fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FIFTH CLAIM FOR RELIEF

## CONVERSION

(By Plaintiffs Against Nissan of DTLA and Doe Defendants 1 Through 5, Inclusive)

56.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

57.     At the time of Defendants' unlawful repossession, Plaintiffs were entitled to possession of the Vehicle because there was no default under the Contract.

58.     Defendants' wrongful repossession of the Vehicle, and retention of their $6,000 downpayment towards the purchase of the Vehicle, constituted an interference with Plaintiffs' possession and right to possession of the Vehicle and their money, and it deprived Plaintiffs of their right to possess the Vehicle and their money. Defendants acted knowingly or intentionally when they wrongfully repossessed the Vehicle and retained Plaintiffs' money.

59.     Plaintiffs are entitled to recover damages for Defendants' conversion of their money and property according to proof.

11

COMPLAINT

60.     Defendants acted with malice, oppression, and/or fraud towards Plaintiffs within the meaning of Civil Code § 3294, thereby entitling Plaintiffs to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards Plaintiffs with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SIXTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(By Plaintiffs Against Nissan of DTLA and Doe Defendants 1 Through 5, Inclusive)

61.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

62.     Defendants engaged in the extreme, outrageous and unreasonable acts enumerated above to collect money and/or property from Plaintiffs. These acts went beyond the bounds of decency expected in a civilized society.

63.     Defendants intended to cause Plaintiffs to suffer emotional distress, and/or engaged in their outrageous conduct with reckless disregard of the probability of causing Plaintiffs to suffer emotional distress.

64.     As a direct and proximate result of Defendants' outrageous conduct, Plaintiffs have suffered extreme and severe mental distress, mental suffering, and/or mental anguish, including one or more of the following: anxiety, fear, fright, humiliation, embarrassment, nervousness, grief, worry, indignity, irritability, depression, anger, panic, nervousness, crying fits, loss of appetite, sensitive stomach, loss of sleep, nightmares, loss of concentration and headaches.

65.     As a proximate result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be determined according to proof.

COMPLAINT

66.     Defendants acted with malice, oppression, and/or fraud towards Plaintiffs within the meaning of Civil Code § 3294, thereby entitling Plaintiffs to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards Plaintiffs with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SEVENTH CLAIM FOR RELIEF

## BREACH OF CONTRACT

(By Plaintiffs Against Nissan of DTLA and Doe Defendants 1 Through 5, Inclusive)

67.     Plaintiffs reallege and incorporate herein by reference the allegations of all paragraphs above.

68.     Defendants promised and agreed in the Contract to repossess Plaintiffs' Vehicle only if Ms. Vasquez was in default under the Contract, and only if the repossession was accomplished peacefully and allowed by law. Defendants breached the Contract when they repossessed Plaintiffs' Vehicle in the absence of default and/or in breach of the peace, as alleged herein.

69.     Ms. Vasquez has performed all obligations required of her by the Contract, except those obligations Ms. Vasquez was excused or prevented from performing.

70.     As alleged herein, Mr. Rosales is a third-party beneficiary under the Contract.

71.     As a proximate result of Defendants' breach of the Contract, Plaintiffs have suffered damages in an amount to be determined according to proof.

72.     Plaintiffs seek recovery of their attorneys' fees, costs and expenses incurred in the filing and prosecution of this action pursuant to the Contact and Civil

13

COMPLAINT

Code § 1717.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1.  For actual and compensatory damages;

2.  For statutory damages;

3.  For punitive damages;

4.  For pre-judgment interest to the extent permitted by law;

5.  For an award of Plaintiffs' attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

6.  For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury under the United States Constitution.

Dated: February 21, 2016            LAW OFFICES OF BRANDON A. BLOCK
                                    A PROFESSIONAL CORPORATION


                                    _____
                                    Brandon A. Block

                                    Attorneys for Plaintiffs
                                    MARLENE VASQUEZ and
                                    OSCAR ROSALES

COMPLAINT