1
2
3
4
5
6
7
8
9
10
11

# United States District Court
# Central District of California
# Western Division

12  MARLENE VASQUEZ, et al.,                 CV 16-01194 TJH (AGRx)

13              Plaintiffs,

14      v.                                           Order

15  DOWNTOWN L.A. MOTORS,
    NISSAN, LP, *et al.*,                           JS-6

16
                Defendants.
17

18

19        The Court has considered Plaintiffs' motion for partial summary judgment,

20  together with the moving and opposing papers.

21        With the voluntary dismissal of the Fair Debt Collection Practices Act, 15 U.S.C.

22  § 1692, *et seq.* ["FDCPA"], claim asserted against Defendant Statewide Recovery

23  Services, the only remaining claims, here, are state law claims.   Despite the

24  representations in the Final Pretrial Conference Order, the presence of a federal issue

25  in a state law claim does not automatically confer federal question jurisdiction. *See*

26  *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986).  At every stage

27  of litigation, the Court has an independent obligation to ensure that it does not exceed

28  the scope of its subject matter jurisdiction. *Henderson ex rel. Henderson v. Shinseki*,

1   562 U.S. 428, 434 (2011).  Indeed, the Court has an obligation to examine subject

2   matter jurisdiction even if no party raises it.  *Allstate Ins. Co. v. Hughes*, 358 F.3d

3   1089, 1093 (9th Cir. 2004).

4          A state law claim invokes federal question jurisdiction only if it "necessarily

5   raise[s] a stated federal issue, actually disputed and substantial, which a federal forum

6   may entertain without disturbing any congressionally approved balance of federal and

7   state judicial responsibilities."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g &*

8   *Mfg.*, 545 U.S. 308, 314 (2005).  Further, federal question jurisdiction does not attach

9   where federal law is not a necessary element of the state law claim.  *Rains v. Criterion*

10  *Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

11         Cal. Civ. Code §1788.17, part of the Rosenthal Act, includes a "borrowing"

12  provision whereby the Rosenthal Act is violated when, *inter alia*, there is a violation

13  of the FDCPA.  *See Nevada v. Bank of America Corp.*, 672 F.3d 661, 675 (9th Cir.

14  2012).  When there are multiple grounds – under both state law and federal law – to

15  resolve a state law claim, as is the case with the Rosenthal Act, federal question

16  jurisdiction does not attach because resolution of federal law is not a necessary element

17  of the claim.  *See Rains,* 80 F.3d 346.  In other words, when a federal law is merely

18  an element of a state law claim, federal jurisdiction does not attach if there are non-

19  federal ways to satisfy the state law claim, regardless of whether a plaintiff chooses to

20  use federal law to satisfy the state law claim.  *Rains*, 80 F.3d at 345-46 (9th Cir. 1996).

21         When the Ninth Circuit considered a Nevada consumer protection statute with

22  a "borrowing" provision that triggered liability under the Nevada statute if there was

23  a violation of the FDCPA – similar to the way the plaintiffs, here, are proceeding under

24  the Rosenthal Act – it concluded that the "borrowing provision" was merely a "glancing

25  reference" to federal law that was insufficient to confer federal question jurisdiction.

26  *Nevada,*  672 F.3d at 675.

27         Consequently, this Court no longer has federal question jurisdiction over this

28  action.

1    Pursuant to 28 U.S.C. § 1367(c)(3), the Court has discretion to exercise
2 supplemental jurisdiction over the remaining state law claims after the claim which
3 provided federal question jurisdiction was dismissed. *See Foster v. Wilson*, 504 F.3d
4 1046, 1051-52 (9th Cir. 2007). However, the Court will not exercise supplemental
5 jurisdiction here. The remaining California state claims are between California parties
6 – Vasquez and Rosales are both domiciled in California, while Nissan is a California
7 corporation with its principal place of business in Los Angeles. Further, the exercise
8 of supplemental jurisdiction over California claims that merely reference a federal
9 consumer protection statute between California parties would create a "potentially
10 enormous shift of traditionally state cases into federal courts." *See Nevada*, 672 F.3d
11 at 676.

12

13    Accordingly,

14

15    It is Ordered, *sua sponte*, that this case be, and hereby is, Dismissed without
16 prejudice for lack of subject matter jurisdiction.

17

18 Date: July 11, 2017

19 _____
20            Terry J. Hatter, Jr.
         Senior United States District Judge
21

22

23

24

25

26

27

28